UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID M. ROBINSON,

   Petitioner,

v.

DAVID ORTIZ, et al.,

   Respondents.

Civ. No. 18-859 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

   Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon screening the petition, the Court determined that it lacked jurisdiction as petitioner failed to show that § 2255 was inadequate or ineffective to challenge his federal conviction and sentence. (*See* ECF No. 8). Accordingly, the Court summarily dismissed the petition for a lack of jurisdiction on April 25, 2018.

   Petitioner subsequently filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).[1] For the following reasons, the Court will deny the motion for reconsideration.

## I.  BACKGROUND

   As discussed more thoroughly in the Court's prior opinion (ECF No. 8), in 2008, Petitioner pleaded guilty to twenty-eight counts of violations of the mail and wire fraud statutes in the United States District Court for the District of Maryland. (ECF No. 1, at 2). Petitioner received a sentence of 188 months imprisonment, and the Fourth Circuit affirmed on direct appeal. (*See id.* at 3).

---

[1] Petitioner also filed a request for leave to amend his motion for reconsideration on November 14, 2018. (ECF No. 12). The Court will consider both documents.

Thereafter, Petitioner filed several post-judgment motions and § 2255 habeas petitions, resulting in denials from the District Court of Maryland and the Fourth Circuit. (*See id.* at 3–4).

Petitioner then filed a 28 U.S.C. § 2241 habeas petition and challenged his sentence in this Court. More specifically, Petitioner claimed that his indictment failed to explicitly allege essential elements of the mail and wire fraud offenses, that the district court did not have subject matter jurisdiction to prosecute him, and that trial counsel was ineffective at both his plea hearing and sentencing. (*See id.* at 5–12). In dismissing the § 2241 petition for lack of jurisdiction, this Court held that Petitioner failed to show that § 2255 was inadequate or ineffective to pursue his claims as he failed to show that he had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. (ECF No. 8).

## II.   STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions under Federal Rule of Civil Procedure 59(e) and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

## III. DISCUSSION

After reviewing Petitioner's submissions, the Court will deny his motion for reconsideration. As the Court noted in its prior Opinion, a petitioner must generally bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). On the other hand, a petitioner could bring his challenge under § 2241 as opposed to § 2255, if § 2255 was "inadequate or ineffective," for example, if he had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

Once again, Petitioner's arguments challenging the sufficiency of the indictment (which allegedly divested the sentencing court of subject matter jurisdiction), and for ineffective assistance of counsel, do not fall within this exception. *See, e.g.*, *United States v. Travillion*, 759 F.3d 281, 288–89 (3d Cir. 2014) (finding that ineffective assistance of counsel claims can provide a proper basis for relief under § 2255); *United States v. Murphy*, 479 F. App'x 418 (3d Cir. 2012)("To the extent that [a petitioner] wishes to challenge his conviction or sentence via an attack on the sufficiency of the indictment . . . the proper way to do so is via a motion to vacate under 28 U.S.C. § 2255.").

Next, Petitioner contends that the sentencing court's "egregious" judicial misconduct[2] brings his claims within the *Dorsainvil* exception. (ECF No. 10, at 12–13). More specifically, he alleges that unusual circumstances are present because the sentencing court failed to provide him

---

[2] Generally, judicial misconduct can provide a proper basis for relief under § 2255. *See, e.g.*, *Weinstein v. United States*, No. 18-0894, 2018 WL 3141843, at *1 (D.N.J. June 27, 2018).

with notice under *Castro v. United States*, 540 U.S. 375 (2003), prior to recharacterizing his post-judgment motions as motions to vacate under § 2255.

The Court finds that these allegations, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009). Although the sentencing court recharacterized his "motion for dismissal of indictment and vacation of judgment for failure to state an offense under FRCrP Rule 12(b)(3)(B)" without a *Castro* notice, Petitioner successfully moved for reconsideration to eliminate that § 2255 designation. (*See* D. Md. Case No. 07-cr-87, ECF No. 85, at 2–3).

Petitioner then filed a "Motion for Vacation of Judgment for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4)." (*See* D. Md. Case No. 07-cr-87, ECF No. 96). Thereafter, the sentencing court explicitly issued a *Castro* notice as it intended to recharacterize this motion as one under § 2255. *Id.* Petitioner declined to select either of the two choices, *i.e.*, to withdraw and file a complete § 2255 motion or to have the court rule on the motion as filed, insisting instead that the court consider the motion under Rule 60(b)(4). (*See* D. Md. Case No. 07-cr-87, ECF No. 99).

The court declined to consider the motion under Rule 60(b)(4) because Petitioner challenged the conviction itself, and "as opposed to a procedural defect in [a] prior habeas proceeding."[3] (*See* D. Md. Case No. 07-cr-87, ECF No. 119, at 5–6). The court then denied the §

---

[3] The sentencing court explained that "[t]he use of Rule 60(b) in criminal proceedings is exceptionally narrow—namely, that Rule 60(b) motions may be used to challenge procedural errors of prior habeas proceedings." (*See* D. Md. Case No. 07-cr-87, ECF No. 119, at 5). However, as discussed above, Petitioner's partially successfully motion for reconsideration removed the § 2255 designation from any earlier proceedings. (*Id.* at 5–6).

2255 motion as untimely, since Petitioner filed the motion two years after the expiration of the limitations period, and in any event, substantively found the that the motion lacked merit. (*See* D. Md. Case No. 07-cr-87, ECF No. 119, at 7, 9). Accordingly, contrary to Petitioner's assertions, the sentencing court did not deny this motion as a second or successive § 2255 motion, but rather for timeliness and on the merits as his *first* § 2255 motion. (*See* ECF No. 10, at 10, 15–16 ("Petitioner's subsequent 'collateral' motions . . . should not have been recharacterized as 'successive' motions.")).

Afterwards, Petitioner filed what he characterizes as his "true" § 2255 motion, and the sentencing court dismissed the motion as second or successive. (*See* D. Md. Case No. 07-cr-87, ECF No. 130, at 2–3). Taken together, although the sentencing court erred in recharacterizing his first post-judgment motion without a *Castro* notice, Petitioner successfully moved to cure that defect and ultimately received a *Castro* notice before the court recharacterized his second post-judgment motion.

The Third Circuit has held that "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. The safety-valve "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id*. Here, Petitioner had that opportunity, he could have — and did — raise some of these arguments in his first post-*Castro* notice § 2255 motion. (*See* D. Md. Case No. 07-cr-87, ECF No. 119, at 9–13). Section 2255 is not somehow inadequate or ineffective in this case merely because the sentencing court found his motion untimely or otherwise rejected his arguments. (*Id*. at 6–13); *see Cradle*, 290 F.3d at 539.

5

Accordingly, Petitioner has failed to show that: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for reconsideration. An appropriate order follows.

DATED: November 28, 2018

                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge